**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 1:24-CR-00009 (WLS-ALS) |
| | : | |
| JORDAN C. ALPHONSUS, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## <u>ORDER</u>

Before the Court is the Government's Motion to Continue Trial (Doc. 130). Therein, the Government asks the Court to continue the trial in the above-captioned case until the June term. Counsel contends that such a continuance is warranted due to difficulty in securing witnesses for trial. Only three of five Defendants are set to go to trial, and none of them object.

At the outset, the Court is concerned that the Government characterizes its need for the requested continuance as solely the result of the Court, or its staff's, failure to issue "an official docket entry." (*See e.g.*, Doc. 130 at 3). Although the Court sometimes, at its discretion, issues a notice after a pretrial conference to specify the order of trials in a particular term, it is by no means required to do so. The Notice of Pretrial Conference made *crystal* clear that "[u]nless otherwise ordered, the following CRIMINAL cases will be **CALLED FOR TRIAL** *on Monday, April 7, 2025 at 8:30 a.m.*" (Doc. 104 at 2).

Thus, the Government had its "official docket entry," and its failure to effectively communicate this requirement to its witnesses cannot fairly be attributed to the Court or its staff. Once the Court issued the Notice of Pretrial Conference, it was solely the Government's responsibility to ensure that the witnesses would be available for a trial beginning on Monday, April 7, 2025, to the term's completion. The Government has had more than a year to secure its witnesses and assure them of the legitimacy of this proceeding—making it particularly puzzling why a supposed 14-day delay has created such a pressing need to continue the trial.

In fact, the Government announced it was ready for trial at both pretrial conferences. (*See* Docs. 118, 119, 126, & 127). The Court has simply not announced the actual order of trials on the docket while awaiting announcement of all cases noticed for pretrial. The

1

remaining cases announced ready as of the date of this Order are the captioned case and, *Roberts*, a civil case. It is the long-standing practice in this district to prioritize criminal cases first, especially extended cases such as this one. It is therefore consistent with that practice that the captioned case would be called first.

Nevertheless, the Court is mindful that the nature of this case may make procuring witnesses challenging. For example, the Government alleges that Defendants "falsely claime[d] to victims that they had missed court dates." (Doc. 130 at 2). It is hardly surprising, as a result, that these victims might be skeptical of a subpoena to appear at the trial of this case. Given this challenge, and because the impacted Defendants do not oppose, the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendants in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B).

Thus, the Motion to Continue Trial (Doc. 130) is **GRANTED**. The trial in the above-captioned action is **CONTINUED** to the Albany Division June 2025 term and its conclusion, or as may be otherwise ordered by the Court.[1] As the case has been certified complex, the case remains **EXCLUDED FROM COMPUTATION** under 18 U.S.C. § 3161. So that there is no confusion or unnecessary delay and all Counsel may serve the necessary witness subpoenas, the captioned case is noticed to start trial at 8:30 a.m., June 2, 2025, or as otherwise ordered by the Court.

**SO ORDERED**, this 28th day of March 2025.

/s/ **W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Counsel for Jordan Alphonsus and Joey Jackson filed Responses (Doc. 131 & 132) to the Government's Motion indicating that they are unavailable for certain periods. However, neither Counsel provides any specific reason for that unavailability and the Court cannot disrupt its busy calendar based on such vague representations from Counsel. The trial will therefore be set for June pending consideration of good cause by motion.